## SCHENFELD v. HOCHMAN.

(Supreme Court, Appellate Term. November 14, 1906.)

RELEASE—VALIDITY.

> Where a person signing a release of his claim believed, when signing
> the instrument, that it was a release, he was bound thereby, though he
> did not read it.

> [Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Release, §§ 30–32.]

Appeal from City Court of New York.

Action by George Schenfeld against Max Hochman. From a judg-
ment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Carl Schurz Petrasch, for appellant.
Henry Kuntz, for respondent.

PER CURIAM. The verdict seems to be contrary to the weight
of evidence. The defendant called three witnesses, Grossman, Wald-
man, and Flowerman, who testified, in substance, to admissions of
plaintiff at various times to the effect that he knew he was signing
a release when he signed the release produced by the defendant.
The plaintiff did not deny the making of any of these admissions, but
testified merely that he had never heard the release read before (the
trial), and only signed it by advice. It was not necessary that plain-
tiff should have read the release to make it binding upon him. If,
when he signed it, he believed it was a release, he would be bound
by it. The question, "Didn't you say that you heard they got more

than $150, and that is the reason you brought suit?" answered as follows, by plaintiff: "Yes, sir; that is right"—seems quite convincing that plaintiff knew he was signing a release of his claim when he signed Exhibit 2.

The judgment will be reversed, and a new trial ordered, with costs to appellant to abide the event.